IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**KENNETH WILLIAMS**     **PETITIONER**

**v.**     **No. 1:18CV138-DMB-DAS**

**STATE OF MISSISSIPPI**     **RESPONDENT**

### REPORT AND RECOMMENDATION

This matter comes before the court on the petition by Kenneth Williams for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed. The petitioner has not replied, and the deadline to do so has expired. The matter is ripe for resolution. For the reasons set forth below, the undersigned recommends that the State's motion to dismiss be granted, and the instant petition for a writ of *habeas corpus* should be dismissed as untimely filed.

### *Habeas Corpus* Relief Under 28 U.S.C. § 2254

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section 14 of the Judiciary Act of 1789. *Habeas corpus* principles developed over time in both English and American common law have since been codified:

> The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the 1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new *habeas corpus* procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about *habeas corpus*.

*Id*. Under 28 U.S.C. § 2254, a federal court may issue the writ when a person is held in violation of the *federal* Constitution or laws, permitting a federal court to order the discharge of any person held by a *state* in violation of the supreme law of the land. *Frank v. Mangum*, 237 U.S. 309, 311, 35 S. Ct. 582, 588, 59 L. Ed. 969 (1915).

### Facts and Procedural Posture

Petitioner Kenneth Williams is in the custody of the Mississippi Department of Corrections and is currently housed at the Mississippi State Penitentiary in Parchman, Mississippi. Mr. Williams was convicted of murder in the Circuit Court of Lowndes County, Mississippi and sentenced on November 20, 1991, to serve a term of life in the custody of the Mississippi Department of Corrections (MDOC). *See* Exhibit A.[1] The Mississippi Court of Appeals affirmed Williams' conviction and sentence on March 7, 1995. *See Williams v. State,* 662 So. 2d 194 (Miss. Ct. App. 1995) (Mem) (Cause No. 91-KA-01179). It appears that that Mr. Williams did not seek rehearing from the court of appeals' decision. As such, the court has calculated Williams' judgment as "final" fourteen (14) days after the Mississippi Court of Appeals affirmed his conviction and sentence, *i.e.,* March 21, 1995 (March 7, 1995, plus fourteen (14) days). *See Roberts v. Cockrell, supra; Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999).

The records of the Mississippi Supreme Court reflect that Williams has filed numerous

---

[1] The exhibits referenced in the instant memorandum opinion may be found attached to the State's motion to dismiss.

applications for leave to seek post-conviction relief in that court, as well as a motion for post-conviction relief that was improperly filed in the trial court and dismissed on appeal for lack of jurisdiction. However, as will be discussed below, none of these pleadings were filed prior to the April 24, 1997, deadline for seeking federal *habeas corpus* relief.

The first of Williams' post-conviction filings was signed on January 13, 1998, and stamped as "filed" in the Mississippi Supreme Court on January 15, 1998. *See* SCR, Cause No. 98-M-00041. Williams' application was denied by Order of the Mississippi Supreme Court filed April 20, 1998. *See* Exhibit C.

On October 21, 2001, Mr. Williams signed an application for leave to proceed with state post-conviction collateral relief that was stamped as "filed" in the Mississippi Supreme Court on October 26, 2001. *See* SCR, Cause No. 2001-M-01665. Mr. Williams' application was dismissed in part and denied in part by Order of the Mississippi Supreme Court filed November 7, 2001. *See* Exhibit D. In its Order, the Mississippi Supreme Court found that all claims in the application, with the exception of Williams' claim of an illegal sentence, were procedurally barred as a successive writ and should be dismissed. *Id.* With regard to Williams' claim of an illegal sentence, the court denied the claim for want of merit. *Id.*

On February 18, 2003, Mr. Williams signed an application for leave to seek post-conviction collateral relief, which was as "filed" in the Mississippi Supreme Court on February 21, 2003. *See* SCR, Cause No. 2003-M-00324. The application was dismissed as a successive writ by Order of the Mississippi Supreme Court filed April 2, 2003. *See* Exhibit E.

A little over four years later, on July 24, 2007, Mr. Williams signed an application for leave to seek post-conviction relief, which was stamped as "filed" in the Mississippi Supreme Court on July 26, 2007. SCR, Cause No. 2006-M-00238. The Mississippi Supreme Court dismissed Williams'

application as a successive writ by Order filed May 19, 2008. *See* Exhibit F.

Then, on June 1, 2012, Mr. Williams signed another application for leave to seek post-conviction relief, which was stamped "filed" in the Mississippi Supreme Court on June 5, 2012. *See* SCR, Cause No. 2012-M-00888. The application was dismissed as both untimely filed and as a successive petition, as well as for lack of merit, by Order filed July 11, 2012. *See* Exhibit G. Mr. Williams signed an additional application for leave to seek post-conviction relief on April 2, 2014, which was docketed in the same cause number and stamped as "filed" on April 7, 2014. *See* SCR, Cause No. 2012-M-00888. This application was also dismissed as untimely and successive, as well as for lack of merit. *See* Exhibit H.

Williams then filed a "Motion to Enforce Terms of Plea Agreement" in the Lowndes County Circuit Court on August 11, 2015. *See* SCR, Cause No. 2015-CP-1838-COA, Vol. 1, pp. 25-34. The trial court denied Williams' motion on November 19, 2015, as "without merit and not well taken." *See* SCR, Cause No. 2015-CP-1838-COA, Vol. 1, p. 35. Mr. Williams appealed the trial court's decision, and on September 27, 2016, the Mississippi Court of Appeals entered an order dismissing Williams' appeal for lack of jurisdiction. *See* Exhibit I.

Finally, on August 1, 2017, Mr. Williams signed an application for leave to seek post-conviction relief, which was stamped as "filed" in the Mississippi Supreme Court on August 7, 2017. *See* SCR, Cause No. 2017-M-01093. On August 30, 2017, Mr. Williams' application was denied based on the court's finding that it was untimely filed, a successive writ, and failed to present an arguable basis for the claims raised therein. *See* Exhibit J.

## One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Mr. Williams was convicted prior to the enactment of the Prison Litigation Reform Act. The one-year limitations period under the Antiterrorism and Effective Death Penalty Act does not begin to run against a state prisoner prior to the statute's date of enactment: April 24, 1996. Applicants seeking *habeas corpus* relief whose convictions became final prior to April 24, 1996, are entitled to a one-year grace period until April 24, 1997, to file for federal *habeas corpus* relief. *See Grillete v. Warden, Winn Correctional Center,* 372 F.3d 765, 768 (5th Cir. 2004) (citing *Egerton v. Cockrell,* 334 F.3d 433, 435 (5th Cir. 2003)). Put simply, all convictions prior to April 24, 1996, are considered final as of April 24, 1996, for purposes of the AEDPA's statute of limitations. However, as set forth above, none of Mr. Williams' post-conviction actions were filed between April 24, 1996, and April 24, 1997. As such, the statutory tolling provision of § 2244(d)(2) is not applicable to the instant case, and Mr.

Williams' federal petition for a writ of *habeas corpus* remained due in this court on or before April 24, 1997.

Under the prison "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on July 10, 2018, and the date it was received and stamped as "filed" in the district court on July 16, 2018. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed over 21 years after the April 24, 1997, filing deadline. The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999). For these reasons, the State's motion to dismiss will be granted, and the instant petition for a writ of *habeas corpus* should dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d).

**Actual Innocence**

Mr. Williams argues in his petition that he is entitled to the "actual innocence" exception to render his federal *habeas corpus* petition timely. His claim in merely rote language setting forth the standard for an actual innocence claim; he has not alleged any facts or provided any evidence to support such a claim. *See* Doc. 1 at 7-8. To the extent that he argues his "actual innocence" as a means to overstep the federal statute of limitations, the facts of this case do not support such a claim. In *McQuiggin v. Perkins,* 133 S.Ct. 1924, 1928 (2013), the Supreme Court held that "actual innocence, if

proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* [*v. Delo,* 513 U.S. 298 (1995)] and *House* [*v. Bell,* 547 U.S. 518 (2006)], or, as in this case, expiration of the statute of limitations." *See also Graves v. Cockrell*, 351 F.3d 143, 151 (5th Cir. 2003); *Dowthitt v. Johnson,* 230 F.3d 733, 741 (5th Cir. 2000) (A petitioner's claim of actual innocence is merely a "gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."). "In other words, a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief." *McQuiggin*, 133 S.Ct. at 1931.

The threshold showing for a credible claim of "actual innocence" is "extraordinarily high." *Herrera v. Collins*, 506 U.S. 390, 417 (1993); *see also Lucas v. Johnson,* 132 F.3d 1069, 1083, n.3 (5th Cir. 1998) (discussing the requirements for a claim of "actual innocence" based on newly discovered evidence). The Court has made clear that, in order to pass through the "actual innocence" gateway, a petitioner's case must be "truly extraordinary" in light of the strong presumption of guilt under which a defendant who has been convicted by a jury comes to federal court. *Schlup*, 513 U.S. at 326; 327, n.42. To make a credible claim of "actual innocence," a petitioner must support his claim of constitutional error with "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Id.* at 324.

A district court's review is not limited merely to the "new reliable evidence," if any such evidence is proffered (none has been proffered in the present case). Instead, the district court must consider "all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." *Reed v.*

*Stephens*, 739 F.3d 763 (5th Cir. 2014) (quoting *House,* 547 U.S. at 538).

Such claims are "rarely successful." *Id.* In *McQuiggin, supra*, the Court cautioned that "tenable actual-innocence gateway pleas are rare" and that, in order to meet the threshold requirement, a petitioner must persuade the court that "*in light of the new evidence, no juror acting reasonably, would have voted to find him guilty beyond a reasonable doubt*." *McQuiggin,* 133 S.Ct. at 1928,1935-36, n4. (emphasis added). Indeed, the "gateway should open only when a petitioner presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id*. at 1936 (citations omitted). "The actual innocence standard 'does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty." *Reed v. Stephens,* 739 F.3d at 767. As set forth above, Mr. Williams has not supported his claim of actual innocence with any evidence at all. As such, he has not established that he is actually innocent of the crime of his conviction.

## Conclusion

For the reasons set forth above, the undersigned recommends that the State's motion to dismiss be granted, and the instant petition for a writ of *habeas corpus* be dismissed as untimely filed.

## Handling of Objections, Acknowledgment of Receipt

The appropriate procedures for filing objections to these findings and recommendations are found in 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). Objections must be in writing and must be filed within fourteen (14) days of this date, and "a party's failure to file written objections to the findings, conclusions, and recommendation in a magistrate judge's report and recommendation within [14] days after being served with a copy shall bar that party, except on grounds of plain error, from

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*)(citations omitted); *see also United States v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178, 115 S.Ct. 1163, 130 L. Ed. 1119 (1995).

The plaintiff must acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the clerk of the court within fourteen (14) days of this date. *Failure to comply with the requirements of this paragraph may lead to dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute the claim and for failure to comply with an order of the court.*

Respectfully submitted, this, the 13th day of February, 2019.

/s/ David A. Sanders
DAVID A. SANDERS
UNITED STATES MAGISTRATE JUDGE